**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

GEORGE LAHOOD,

          Plaintiff,

v.

ALICE LAHOOD and GABRIEL
LAHOOD,

          Defendants.

Civ. No. 22-04407 (KM) (JSA)

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff George Lahood has filed a complaint naming Alice Lahood and Gabriel Lahood as defendants.[1] For the reasons expressed below, I will grant Plaintiff's application for *in forma pauperis* ("IFP") status and will dismiss his complaint on initial screening because it fails to state a colorable basis for this Court's jurisdiction or state a viable cause of action.

I.    **Background**

On June 21, 2022, Plaintiff filed his complaint against his relatives Alice and Gabriel and his application to proceed IFP.[2] (DE 1, 2.)[3] Though Plaintiff's complaint offers limited detail, it generally alleges that Plaintiff formerly resided at a residence in Paramus, New Jersey but that Gabriel, Alice, and other family members illicitly obtained ownership of the property, evicted him, and took his money and "translation work." (Compl. at 5.) It states that Plaintiff paid a down

---

[1]    For clarity, I will refer to Defendants by their first names.

[2]    Plaintiff originally filed this action in the Southern District of New York but on June 23, 2022, Judge Laura Taylor Swain ordered that the case be transferred to the District of New Jersey. (DE 3.)

[3]    Certain citations to the record are abbreviated as follows:

"DE" refers to the docket entry numbers in this case

"Compl." refers Plaintiff's Complaint. (DE 2.)

payment on the Paramus property in 1976 and subsequently made multiple mortgage payments on it, but that the property was owned by "Joseph and Farida Lahood." (Compl. at 5, 8.) Joseph and Farida subsequently gave Gabriel the Paramus property as a gift but Plaintiff alleges that Gabriel did not "deserve" the property because (1) Joseph and Farida owed Plaintiff money; (2) Gabriel "authorized" two individuals to break into the property to steal Plaintiff's business files; (3) Gabriel and Alice "falsified documents to Paramus police and family court" in order to evict Plaintiff from the property; and (4) Plaintiff's eviction from the property violated unspecified "agreements" and "affidavits" signed by Joseph Lahood. (Compl. at 8.) Further, he claims that Gabriel stole $30,000 and "translation work" that had been "awarded" to Plaintiff in 1990. (Compl. at 8.) As a result of these events, Plaintiff states he has been living in a homeless shelter. (Compl. at 5, 6; DE 1 at 2.)

Plaintiff claims that this Court has federal question jurisdiction over this suit and articulates his causes of action as "human trafficking" and "conspiracy and collusion in violation of [chapter] 40 of the U.S. Code." (Compl. at 2, 5.) As a remedy, Plaintiff seeks an order freezing Defendants' assets and evicting them from the property in Paramus. (Compl. at 8.)

As noted, Plaintiff has also applied to proceed IFP, a request I will grant before proceeding with my analysis. Based on the information Plaintiff has supplied regarding income and assets, that application is granted. (DE 1.)

## II. Discussion

### a. Standard of Review

To be heard in federal district court, a case must fall within the court's subject matter jurisdiction; indeed, the court must raise the jurisdictional issue *sua sponte* where appropriate. *See Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995); Fed. R. Civ. P. 12(h)(3).

In addition, because I have granted IFP status, I am obligated to screen the allegations of Plaintiff's complaint to determine whether it:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from

such relief.

28 U.S.C. § 1915(e)(2)(B). That screening provision applies to the complaints of all individuals who are proceeding *in forma pauperis. See*, *e.g.*, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)").

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A complaint must contain "a short and plain statement" both "of the grounds for the court's jurisdiction" and of "the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a).

The court will be more forgiving of complaints filed *pro se* and will construe their allegations liberally. *Haines v. Kerner,* 404 U.S. 219 (1972). *Pro se* complaints are nonetheless bound to the "essential obligation" of facial plausibility. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019); *see also Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (noting that a pro se complaint is "construed liberally 'to raise the strongest arguments [it] suggest[s]," but must still "state a plausible claim for relief" (citations omitted)).

### b. Analysis

The complaint fails to offer a sufficient basis for this Court's jurisdiction or state a viable cause of action. Plaintiff cites federal question jurisdiction by pressing claims for "human trafficking" and "conspiracy and collusion in violation of [chapter] 40 of the U.S. Code," yet these claims are clearly inapplicable to the conduct alleged. Moreover, even a charitable reading of

Plaintiff's complaint yields little basis to find that a valid claim has been stated or that the exercise of this Court's jurisdiction is proper.

Under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), a victim of human trafficking may indeed sue perpetrators or "whoever knowingly benefits," financially or otherwise, from a violation of the TVPRA. *See Konstantinova v. Garbuzov*, No. 2:21-CV-12795 (WJM), 2021 WL 5881670, at *3 (D.N.J. Dec. 13, 2021) (quoting 18 U.S.C.A. § 1595(a)). The TVPRA prohibits various forms of human trafficking, including involuntary servitude, forced labor, and sex trafficking. *See generally* 18 U.S.C. §§ 1581-1592. None of the forms of trafficking enumerated by the TVPRA bear any resemblance to the conduct alleged by Plaintiff. He has not alleged that he was forced or coerced into any kind of conduct or that he was "trafficked" in any statutory or common sense of the word; rather his complaint's primary thrust is that Gabriel, Alice, and other family members improperly or undeservedly obtained ownership of the Paramus property, orchestrated Plaintiff's eviction, and stole money and "translation work" owned by Plaintiff. Plaintiff's complaint simply pleads nothing to suggest a violation of the TVPRA occurred, let alone state a viable TVPRA claim.

Plaintiff's claim for "conspiracy and collusion in violation of [chapter] 40 of the U.S. Code" is difficult to interpret. Chapter 40 includes a plethora of obviously inapplicable provisions. *See, e.g.*, 18 U.S.C. Ch. 40 (relating to "importation, manufacture, distribution, and storage of explosive materials"); 28 U.S.C. Ch. 40 (relating to appointment, authority, and duties of an independent counsel). None of the conspiracy provisions in federal law appear applicable or related to a "chapter 40." *See, e.g.*, 18 U.S.C. § 371 (criminalizing conspiracies to commit any other federal crime); 42 U.S.C. § 1985(3) (granting a private cause of action to victims of conspiracies to violate their federally protected rights). Regardless, any charge of conspiracy requires an allegation that Defendants made some form of agreement to engage in unlawful conduct, a predicate that Plaintiff has not pleaded factually or legally. *See, e.g., United*

*States v. Jimenez Recio*, 537 U.S. 270, 274 (2003) ("[T]he essence of a conspiracy is an agreement to commit an unlawful act" (internal quotations and citations omitted); *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001).

Looking beyond the labels, I am nevertheless unable to discern a proper basis for a federal claim or for the exercise of jurisdiction by a federal court.

To begin with, no violation of federal law appears, and diversity of citizenship is not evidently applicable because Plaintiff's complaint lacks sufficient allegations of citizenship and amount in controversy. As such, it does not appear from the face of the complaint that this Court would possess subject matter jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

Nor, even assuming there is jurisdiction, does a cause of action suggest itself. The complaint itself states that the Paramus property at issue was owned by Joseph and Farida Lahood and then given by gift to Gabriel. (Compl. at 5, 8.) Though Plaintiff alleges that he paid funds toward the down payment and mortgage of the property, neither allegation on its own demonstrates that the transfer of the Paramus property to Gabriel was invalid, fraudulent, or otherwise improper. And even if adequately alleged, this would appear to set forth a state law claim at best.

Further, nearly no detail is provided on the alleged theft of $30,000 and Plaintiff's translation work other than a conclusory statement that it occurred. (Compl. at 5, 8.)

Finally, Plaintiff has provided few dates by which to ascertain when the events at issue took place, offering only that the Paramus property was purchased by Joseph and Farida Lahood in 1976 and that the stolen translation work was "awarded" to Plaintiff in 1990. (Compl. at 5, 8.) Without any further detail, these dates suggest that even if the conduct at issue amounted to a valid claim, such a claim would have been barred by any applicable statute of limitations long ago. *See, e.g.,* N.J. Stat. Ann. § 2A:14-1 (requiring claims for trespass to real property, tortious injury to real or personal property, "taking, detaining, or converting personal property,"

5

"replevin of goods or chattels," and "recovery upon a contractual claim" to be filed within 6 years of their accrual).

Neither the form or substance of Plaintiff's complaint suggest that he has stated a valid claim that may be heard by this court. As such, I will dismiss Plaintiff's complaint on initial screening.

### III.   Conclusion

For the reasons stated above, Plaintiff's request to proceed IFP is **GRANTED** and Plaintiff's complaint is **DISMISSED** upon initial screening pursuant to 28 U.S.C. § 1915(e). The dismissal is without prejudice to any case or claim over which this Court may possess jurisdiction.

Dated: July 22, 2022

/s/ Kevin McNulty

_____

Kevin McNulty
United States District Judge